IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION



| | | |
|---|---|---|
| FRANCISCA PEDROZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO.  EP-12-CV-163-MAT |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION[1], | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision.  Plaintiff appeals from the decision of the Commissioner of the Social Security Administration  ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas.  For the reasons set forth below, the Commissioner's decision is AFFIRMED.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

1

## I. PROCEDURAL HISTORY

On January 16, 2009, Plaintiff filed an application for DIB in which she alleged disability beginning March 3, 2005, due to "[d]iabetes, hypertension, high cholesterol, and gastrointestinal problems." (R. 134).[2] After her application was denied initially, and upon reconsideration, Plaintiff requested a hearing. (R. 24-25, 61-64, 70-72). On April 27, 2009, she appeared with her attorney for a video teleconference hearing before an administrative law judge ("ALJ"). (R. 28-57). Plaintiff testified with the aid of a Spanish language interpreter, and the ALJ called a vocational expert to testify. (R. 30, 48-55, 97-98).

On December 15, 2010, the ALJ issued a written decision denying benefits on the ground that Plaintiff is able to perform her past relevant work as a screen printer and a garment sorter. (R. 12-19). On March 6, 2012, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-4). Plaintiff appeals from the Commissioner's final decision denying benefits.

## II. ISSUES PRESENTED

1. Whether the ALJ's residual functional capacity ("RFC") finding is supported by substantial evidence.

2. Whether the ALJ erred in finding Plaintiff can perform her past relevant work ("PRW") as a screen printer and a garment sorter.

Plaintiff contends the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to include limitations relating to Plaintiff's right shoulder pain, urinary

---

[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)].

incontinence, stomach problems, and fatigue. Plaintiff also contends the VE's testimony does not provide substantial evidence for the ALJ's decision that Plaintiff can perform her PRW because the hypothetical question posed to the VE does not incorporate all of Plaintiff's impairments and the VE's testimony conflicts with the Dictionary of Occupational Titles ("DOT"). Consequently, Plaintiff seeks a reversal and remand for an award of benefits, or alternatively, for additional administrative proceedings.

Defendant responds that the ALJ properly assessed Plaintiff's RFC by including all limitations supported by the record. Defendant further responds that Plaintiff's argument that the VE's testimony was inconsistent with the DOT lacks merit, and the testimony constitutes substantial evidence because the ALJ's hypothetical question to the VE properly included all the limitations supported by the record.

### III. DISCUSSION

A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the Commissioner, the court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. Evaluation Process and Burden of Proof

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and, (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis.

*Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Id.*

## C. The ALJ's Decision

In his written decision, the ALJ determined as a threshold matter that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010. (R. 14). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 28, 2008.[3] *Id.* At step two, the ALJ determined Plaintiff has severe impairments consisting of gastritis and abdominal pain, shoulder and hand pain, and obesity. (R. 14-15). At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15).

Before reaching step four, the ALJ assessed Plaintiff's RFC and found she is able to perform light work,[4] except that she cannot climb ladders, ropes, or scaffolds, and is limited to occasional

---

[3] At the administrative hearing, the onset date was amended to February 28, 2008. (R. 12, 33).

[4] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b).

overhead reaching with her left arm. (R. 15). In making this finding, the ALJ determined Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they are inconsistent with the ALJ's RFC assessment. (R. 17). Based on the VE's testimony, the ALJ found at step four, that Plaintiff is able to perform her past relevant work as a screen printer and as a garment sorter, and is, therefore, not disabled. (R. 18).

D. Analysis of Plaintiff's Claims

### 1. Substantial Evidence Supports ALJ's Determination of Plaintiff's RFC

Plaintiff contends that substantial evidence does not support the ALJ's finding that she retains the RFC to perform a limited range of light work because the ALJ failed to include limitations relating to Plaintiff's right shoulder pain, urinary incontinence, stomach problems, and fatigue.

RFC is defined as the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of Plaintiff's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545; SSR 96-8p. The relative weight to be given to the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff bears the burden to establish disability and to provide or identify medical and other

evidence of her impairments.  *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512(c).  A medically

determinable impairment must be established by acceptable medical sources.  20 C.F.R. §

404.1513(a). Plaintiff's own subjective complaints, without supporting objective medical evidence,

are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 404.1528, 404.1529.

In her brief, Plaintiff first complains the ALJ's decision does not explain why he limited her

to occasional overhead reaching with her left arm when her medical records show she complained

of pain to her right arm. (Pl's Brief, ECF No. 22 at 4).  Plaintiff did not testify that she had any pain

or limitation in her right arm.  In fact, she appeared at the hearing wearing a bandage on her left

wrist. (R. 38). When her counsel questioned her about it,   Plaintiff explained that she has left arm

pain that radiates down to her wrist when lifting objects to shoulder height or overhead. (R. 38-39).

Plaintiff attributed her left arm pain and "problems with the hands" to a lipoma[5] on the left side of

her neck. (R. 38, 43-44).   When asked by her attorney if the pain was also in her right arm, Plaintiff

said, "No." (R. 38).   Furthermore, Plaintiff's counsel questioned the VE about the effect of

limitations in reaching and handling with her left upper extremity. (R. 53-54).

In support of her claim that the ALJ erred by failing to include limitations due to right

shoulder pain, Plaintiff cites to one objective medical record dated March 7, 2006, two years prior

to her amended alleged onset date of February 28, 2008, when she complained of right shoulder pain

"off and on" that was not due to trauma, but was "mostly positional." (R. 261).  She was treated

with ibuprofen. *Id.*  In his opinion, the ALJ correctly noted this single complaint and further noted

Plaintiff's subsequent medical records did not show any further problems in this area.  (R. 16-17).

---

[5] A lipoma is a benign, soft, rubbery encapsulated tumor of adipose tissue, usually
composed of mature fat cells.  DORLAND'S ILLUS. MEDICAL DICTIONARY 1016 (29th ed. 2000).

Importantly, the Function Report dated April 9, 2009 which Plaintiff cites in her brief indicates she reported her ability to reach or use her hands **is not** affected by her impairments. (Pl's Brief, ECF No. 22 at 4, citing R. 191). The record does not support any limitations related to right shoulder pain.

In support of her claim that the ALJ erred by failing to include limitations requiring frequent use of the restroom[6] due to stomach problems and urinary incontinence, Plaintiff cites to medical records from January and February 2009 that show she was diagnosed with moderate chronic active gastritis, severe gastric stasis, poor gastric emptying, gastroparesis, and GERD. (R. 326, 345, 435). The ALJ discussed Plaintiff's epigastric abdominal pain and the findings of a small hiatal hernia, moderate inflammation without obstruction, gastric stasis and poor gastric emptying. (R. 16). As noted by the ALJ, however, Plaintiff was treated successfully with Nexium, and the following month she reported that she was doing "great." (R. 16, 365). Plaintiff was advised to continue with Nexium. *Id.* Additionally, when questioned by the ALJ at the hearing, Plaintiff testified that she still takes Nexium, and it helps her reflux and stomach problems. (R. 44-45). There is no evidence that the ALJ erred by failing to include limitations related to Plaintiff's stomach problems.

As for Plaintiff's claims of urinary incontinence, she cites to records that show she was diagnosed with urinary tract infections in November 2006 and May 2007. (R. 253, 251). The notes state Plaintiff reported urinary frequency, urgency, and painful urination, but did not report urinary incontinence. *Id.* Finally, both of these episodes occurred prior to the amended alleged onset date, and Plaintiff points to no records indicating any residual problems. Plaintiff was treated on both occasions with a short course of antibiotics. *Id.* There is no error shown in failing to include

_____

[6] Plaintiff testified she needs to use the restroom three or four times a day. (R. 34, 39).

limitations related to Plaintiff's alleged urinary incontinence.

Finally, Plaintiff complains the ALJ failed to include a limitation based on her fatigue. In support, Plaintiff cites to her testimony that she is unable to work because she tires easily, and her doctor-prescribed sleep medication makes her ill.[7] (R. 35, 42). She also relies on the following symptoms self-reported on several agency forms: insomnia, fatigue, and difficulty sleeping. (R. 134, 155, 187). Additionally, she cites to a medical report from a routine check up on September 21, 2009 that shows her main complaint on that visit was fatigue.[8] (R. 383). The notes state, "[S]ome nights she sleeps poorly." *Id.* Merely sleeping poorly on some nights does not establish an impairment.

### 2. Substantial Evidence Supports ALJ's Step Four Decison

At step four, the ALJ determined, based on the testimony of the VE, that Plaintiff was not disabled because she retained the RFC to perform her PRW as a screen printer and as a garment sorter. (R. 18). Plaintiff argues the VE's testimony does not provide substantial evidence for the ALJ's decision because: (1) the hypothetical question posed to the VE does not incorporate Plaintiff's limitation in reaching in all directions, and (2) the VE's testimony in identifying jobs Plaintiff can perform conflicts with the Dictionary of Occupational Titles ("DOT").

In order to constitute substantial evidence for the ALJ's decision, the VE's testimony must be based on a hypothetical question that includes all limitations supported by the record. *Bowling*

---

[7] When asked by her attorney to explain what she means by "ill," Plaintiff stated the sleep medication causes her to feel "very sensitive" and "want to cry a lot." (R. 42). Plaintiff stated her doctor explained this was "because of the diabetes." *Id.*

[8] In addition to this record, Plaintiff's Brief also cites to notes from a follow up visit on November 29, 2004. (Pl's Brief, ECF No. 22 at 5, citing R. 273, 383). The Court, however, could find no record of a complaint of fatigue at the November 2004 visit. (R. 272-275).

*v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). On cross-examination, Plaintiff's counsel asked the VE to assume an additional limitation of occasional reaching in all directions with her left arm. (R. 53). The VE responded that such a limitation would eliminate the ability to perform the PRW. *Id.* Counsel then asked the VE to disregard the reaching limitation and to assume a limitation of occasional handling with the left hand. (R. 53-54). The VE responded that it might still be possible to perform the PRW with such a limitation, but it would be difficult. (R. 54). As specifically noted in his opinion, the ALJ found the medical evidence did not support a finding for ". . . a limitation in claimant's ability to reach in all directions or to finger, as suggested by claimant's counsel's hypotheticals." (R. 18). Therefore, the hypothetical question posed to the VE was not faulty for failing to incorporate such limitations. *Owens v. Heckler*, 770 F.2d 1276, 1282 (5th Cir. 1985) (ALJ is not bound by VE testimony based on evidentiary assumptions that the ALJ ultimately rejects). There is no error shown on this ground.

Finally, Plaintiff contends the VE's testimony does not constitute substantial evidence because the DOT listings for screen printer, DOT 979.694-030 and garment sorter, DOT 223.687-014, show that these jobs require frequent reaching. According to Plaintiff, because this frequent reaching requirement does not distinguish between reaching forward and reaching overhead, and does not distinguish between reaching with both arms and reaching with one arm, the reaching requirements of Plaintiff's PRW as a screen printer and garment sorter exceed her current RFC limitations.

The Fifth Circuit has noted that the DOT is not comprehensive in that it cannot and does not purport to include each and every specific skill qualification for a particular job. *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). Further, DOT job descriptions should not be given a role that is

exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job. *Id*. at 145.

In *Carey*, the Fifth Circuit addressed an alleged conflict between a VE's specific testimony that the claimant, an amputee, could perform the jobs of cashier and ticket seller with one hand, and the DOT job descriptions stating that the jobs required the ability to finger and handle things. *Id.*, at 145-47. Noting the VE's specific testimony that the claimant could perform the jobs with the use of only one arm and hand, the Court was not persuaded that the facts of the case involved any actual conflict between the VE's testimony and the DOT job descriptions. *Id.*, at 147. The Court held that, to the extent there is any implied or indirect conflict between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony provided the record provides an adequate basis for doing so. *Id.*, at 146-47.

In the present case, the ALJ asked the VE to keep his testimony consistent with the DOT and to advise the ALJ if any of his testimony was inconsistent with the DOT. (R. 49). The VE testified in response to a hypothetical, based on the limitations set forth by the ALJ in his RFC finding, that such an individual could perform Plaintiff's PRW of screen printer and garment sorter. (R. 51-52). The ALJ specifically stated the hypothetical person would be limited in the ability to reach overhead with her non-dominant left arm to an occasional basis only. (R. 51). The VE testified that the overhead reaching limitation normally would not affect the ability to perform the jobs of screen printer and garment sorter. (R. 51-52).

On cross-examination, Plaintiff's counsel asked the VE whether an additional limitation of occasional reaching in all directions with her left arm would eliminate the ability to perform the PRW. (R. 53). The VE responded that it would. *Id.* This issue was explored further by the ALJ

11

on reexamination of the VE.   The VE testified that Plaintiff's PRW required frequent reaching in front.  (R. 54-55).  The ALJ specifically asked if the limitation to occasional overhead reaching would preclude the PRW, and the VE responded that it would not.  (R. 55).

Despite Plaintiff's argument to the contrary, the Court finds no direct conflict between the DOT and the VE's testimony.  Although the DOT listings for screen printer and garment sorter require frequent reaching, there is no indication this would involve overhead reaching with the left arm on more than an occasional basis. The VE testified that the frequent reaching that was required would be in the front, not overhead.  (R. 54-55).  According to the VE, overhead reaching would not normally be required to perform the PRW.  (R. 51).  The record provides an adequate basis for the ALJ to rely on the VE's testimony.  There is no error on this ground.

The testimony of the VE provides substantial evidence for the ALJ's determination that Plaintiff is not disabled because she can perform her past relevant work.  As substantial evidence supports the ALJ's decision, it must be affirmed.  *Spellman*, 1 F.3d at 360.

CONCLUSION

It is therefore ORDERED that the decision of the Commissioner be, and it is hereby, AFFIRMED.

SIGNED and ENTERED this 30th day of June, 2015.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE